**McNINCH et al., Com'rs of Federal Communications Commission, v. HEIT-MEYER.**

**No. 7228.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1939.

Decided April 3, 1939.

Rehearing Denied May 23, 1939.

---

[3] Now Sec. 12.21 of the Commission's Rules of Practice and Procedure.

Hampson Gary, William H. Bauer, Fanney Neyman, and Andrew G. Haley, all of Washington, D. C., for appellants.

Clarence C. Dill and James W. Gum, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON. Associate Justices.

GRONER, C. J.

This case is here on a special appeal which we granted and assigned for argument with Pottsville Broadcasting Company v. Federal Communications Commission, 70 App.D.C. 157, 105 F.2d 36, decided today. The two cases have many aspects in common.

In 1935 Heitmeyer (appellee) applied for a permit to construct a radio broadcasting station at Cheyenne, Wyoming. The application was referred to an examiner for hearing, and in October, 1935, it was heard together with the application of Wyoming Radio Educational Association for a permit to construct a similar station at Cheyenne. The examiner recommended that Heitmeyer's application be granted and that the Association's application be denied. The Commission then considered Heitmeyer's application and denied it. He appealed, and in December, 1937, we reversed. 68 App.D.C. 180, 95 F.2d 91. He then filed a petition with the Commission in which he asked that it make a final decision on the record "as it now stands." The Commission rejected this application and ordered that the record be reopened for further hearing, to be held before an examiner and consolidated with the hearings de novo upon the applications of Frontier Broadcasting Company and Cheyenne Radio Corporation. Heitmeyer then applied to this court for a rule "to show cause", which we denied, following which he filed in the United States District Court this bill of complaint, asking that the Commission be permanently enjoined from granting any construction permit or license to any other applicant for a radio station at Cheyenne until after the Commission had rendered decision on the record as made at the original hearings. He also

asked the court to order the Commission to execute and carry into effect the judgment and decree of this court. The Commission moved to dismiss the bill for lack of jurisdiction and, when this motion was denied, we allowed an appeal. The parties stipulated that the Commission shall not grant any other application for Cheyenne pending final decision in this case.

The only substantial difference between Heitmeyer's case and the Pottsville case is that in the former the Commission, instead of passing upon all the issues set down for hearing before the examiner—namely, (1) determination of the applicant's legal, technical, and financial qualifications; (2) the need for additional service at Cheyenne; (3) whether the grant of the application would interfere with the quota provision; (4) the question of interference with other stations; and (5) the suitability of the site or location of the apparatus—denied the application on the single ground that the applicant's financial qualifications were not shown to be such as to warrant issuing a license to him and made no findings as to the other matters in issue. We reversed that decision, and remanded the case with instructions to proceed with the application in conformity with our opinion. Our judgment imposed on the Commission the duty of rehearing the case on the original record. In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414. This is peculiarly true because of the fact that that record, as we have seen, was made upon full hearing of all the issues relative to the applicant's right to a permit. And it was because we understood that the Commission would so proceed that we denied the rule to show cause. It was not then brought to our attention—or, if it was, we overlooked it—that the Commission intended to impose upon appellee the making of an entirely new record, and to make the decision turn upon the relative merits of the qualifications of himself and two new parties who had become applicants for identical facilities since his case was first heard and decided and who, under the Commission's own rules, were not eligible to become parties to the record on appellee's application. By reason of the limited character of the Commission's original order, there remain to be determined by the Commission, upon the remand, the legal and technical qualifications of the applicant, the need of service in the specified area, the question of a satisfactory site, the satisfactory character of the equipment, the question of interference with other stations, and any other question which in accordance with the Commission's rules and regulations must be decided on the question of public interest; but, for reasons stated by us in the Pottsville case, appellee is entitled to have those questions decided upon the original record on which the appeal was based. In the Pottsville case we said that upon a showing of newly discovered evidence or of supervening facts which go to the very right of applicant to have the license, the Commission might apply to us for leave to reopen for these purposes. But, except in these circumstances, we think the rule announced in the Pottsville case is controlling here, and that the order of the Commission for a hearing on a new and different record and placing new parties on a parity with appellee is erroneous. Upon the showing made, appellee was entitled to apply to us for mandamus or at his election to go forward with the hearing and then appeal. Baltimore & O. R. Co. v. United States, 279 U.S. 781–785, 49 S.Ct. 492, 73 L.Ed. 954.

Because of the legal remedy thus afforded, we think the bill was without equity. Hence we shall reverse the order of the lower court, and remand with instructions to dismiss the bill, but without prejudice to the application by appellee to us for mandamus if—in view of what we have said—such application is necessary for the protection of his rights.

Reversed and remanded without costs and with instructions to dismiss the bill without prejudice.