COLONIAL BROADCASTERS, Inc., v. FEDERAL COMMUNICATIONS COMMISSION (LUCAS, Intervener).

No. 7264.

United States Court of Appeals for the District of Columbia.

Argued April 10, 1939.

Decided June 12, 1939.

782

Philip G. Loucks, Arthur W. Scharfeld, and Joseph F. Zias, all of Washington, D. C., for appellant.

William J. Dempsey, William H. Bauer, Fanney Neyman, Andrew G. Haley, Ben S. Fisher, and Charles V. Wayland, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

## GRONER, C. J.

The main question on this appeal is whether the Commission acted unlawfully in failing to consider and decide appellant's application, contemporaneously and on a comparative basis, with the application of Arthur Lucas, which had been filed and set for hearing prior to the filing of appellant's application.

The chronology of proceedings before the Commission follows: Arthur Lucas applied March 29, 1937, for a permit to erect a new local broadcast station at Savannah, Georgia. On May 12, 1937, the Commission designated the application for hearing before an examiner on July 6. On June 24 appellant filed its application for a permit to erect a local station on the same frequency requested by Lucas, and on June 25, which was more than ten days prior to the date set for the hearing on the Lucas application, asked leave to intervene in the Lucas proceedings, which was granted on July 1. On July 6 evidence was taken in support of the Lucas application. Appellant participated in the hearings. On Oc-

tober 29 the examiner reported favorably on the Lucas application, and on November 13 appellant filed exceptions and requested oral argument before the Commission. On December 20 and 21 evidence was taken before the examiner in support of appellant's application. On March 4, 1938, the Commission heard oral argument on the examiner's report on the Lucas application and on the exceptions filed by appellant. At this hearing appellant requested the Commission to consider the two applications together, on the ground that they were mutually exclusive. On May 19 the examiner filed his report on appellant's application, in which he recommended that, if the prior Lucas application should be granted, the application of appellant be denied, and on May 25 the Commission rendered its decision granting the Lucas application.

Thereafter from time to time up to September 27, 1938, appellant filed various motions, the purpose of which was to secure a rehearing of the decision granting the Lucas application. On the latter date the Commission denied appellant's motion to rehear the Lucas application, whereupon appellant filed its "motion to continue oral argument" on the examiner's report on its application until its appeal to this court from the order granting the Lucas application should be decided.

As the result of this chronological statement, it will be readily seen that the present appeal is from the decision of the Commission granting Arthur Lucas permission to construct a local broadcast station in Savannah, Georgia, and the ground of the appeal, is the failure of the Commission to consider appellant's subsequent application, for the same facilities, at the same time and on a comparative basis.

The Commission's Rule 106.4 [1] provides as follows:

"In fixing dates for hearings the Commission will, so far as practicable, endeavor to fix the same date for hearings on all related matters which involve the same applicant, or arise out of the same complaint or cause; and for hearings on all applications which by reason of the privileges, terms, or conditions requested present conflicting claims of the same nature, *excepting, however, applications filed after any such application has been designated for hearing.*" (Italics supplied.)

[1] Sec. 12.21 of the Commission's Rules of Practice and Procedure, effective January 1, 1939.

■ We have had occasion to notice the rule and approve it as in all respects consistent with the provisions of the Act (47 U.S.C.A. § 151 et seq.), and we think its language is sufficiently clear to leave no room for interpretation. Generally speaking, in the respects with which we are concerned here, it means no more than that where two applications are filed for the same facilities and neither has been designated for hearing, the applications will be consolidated and heard together; but where, by reason of previous filing, one of the applications has been designated for hearing, the applications will be heard in turn and not necessarily on a comparative basis. We are unable to see anything unfair in this provision of the rule. It seems to us to be logical, reasonable, and fair, as well as to promote orderly procedure. Nor do we think there is any inconsistency in adhering to the rule and yet permitting the later applicant to intervene in the proceedings on the first application to show proper cause, if he can, why it should not be granted. The argument to the contrary is that, since the Commission is required to grant a license only in the public interest, the fact of priority should cut no figure in the decision and that until the actual grant is made the field should be open to all comers and the respective merits weighed and decided before ultimate decision. But to hold that this is a positive requirement, would in our opinion extend the provisions of the Act beyond anything to be found in the language used by Congress. The duty imposed on the Commission is to grant the permit if public convenience, interest or necessity will be served. The Commission's estabished yardstick for determining public convenience includes a showing of citizenship on the part of the applicant, a need of the service at the place in question, the ability of the community to support the station and to furnish what is called "talent", the ability of the applicant to finance its construction and operation, a finding that no objectionable interference will result to some other operating station, and that the plant and service proposed will comport with the Commission's rules. Upon an affirmative showing, to the satisfaction of the Commission, in these respects and perhaps a few others which we may have overlooked, the applicant is entitled under the law to the permit, and it is neither fair nor reasonable, as we said in Pottsville Broadcasting Co. v. Commission, 70 App.D.C. 157, 105 F.2d 36 (decided April 3, 1939), that he should be put in hodgepodge with later applicants whose records are not made at the time his application is heard. For to do so would encourage "strike" applications and would replace a fixed and easily applied standard with one of unlimited individual discretion, and this, we think, should be avoided.

■ Entertaining these views, we are unable to hold that it was an abuse of discretion on the part of the Commission in the instant case to refuse to postpone the Lucas hearing, on a record duly made, until the subsequently filed application for the same facilities had in its turn gone through the preliminary proceedings and was ready for hearing. That the effect of this may be occasionally to confer an advantage of position upon persons acting with promptness and prevision, does not, we think, militate against its validity.

In the instant case Lucas was first in the field. His application was filed and designated for hearing more than a month before appellant's application was even filed. Notwithstanding this, appellant was permitted to intervene and to show cause before both the examiner and the Commission why Lucas' application should be denied. The Commission, upon a fair hearing, reached the conclusion that the service was necessary and that Lucas had qualified himself in all respects as capable of furnishing it, and on this basis granted the license.

■ Appellant on this appeal, as a sort of makeweight, assigns as an additional reason for this appeal that the decision is not supported by proper findings of fact and is based upon the admission of improper testimony in respect to the need of the proposed station. Nothing need be said in answer to the last assignment, since if there is no need of the service in Savannah, appellant's application ought not on any account to be granted and, in that view, it has sustained no injury. And the further objection that the decision is not supported by findings of fact and is arbitrary, is wholly groundless. The order is, therefore, affirmed.

Affirmed.