# EX PARTE IN THE MATTER OF LINCOLN GAS & ELECTRIC LIGHT COMPANY, PETITIONER.

## ON PETITION FOR WRIT OF MANDAMUS.

No. 29, Original. Argued March 15, 16, 1921.—Decided June 1, 1921.

In a suit brought by a gas company against a city to enjoin the enforcement of an ordinance rate alleged to be confiscatory, this court by its former decision (250 U. S. 256) affirmed, with modifications, the decree of the District Court dismissing the bill, and issued its mandate, reciting the decision and directing "that such execution and proceedings be had in said cause as according to right and justice . . . ought to be had, the said appeal notwithstanding."

*Held:* (1) That the court below had jurisdiction, through a special master, to ascertain the amounts collected by the company from its customers, in excess of the ordinance rate, pending the litigation, and to require repayment thereof, with interest, in accordance with the terms of a bond that the company filed in the cause in order to obtain a supersedeas, with continuance of injunction, pending its appeal. P. 516.

(2) That the absence of the customers as parties was no obstacle to such enforcement of their equitable rights, represented in the litigation by the city and recognized and protected by the bond. P. 517.

(3) That the fact that the affirmance modified the lower court's decree so as to dismiss the bill without prejudice to the filing of another in case changed conditions should render the rate confiscatory, did not restrict the lower court's jurisdiction to the overcharges made before its decree was entered, since the ordinance rate remained presumably valid until proven otherwise in a new suit, and the bond required repayment of all overcharges collected while the company had the benefit of the injunction pending the appeal. P. 518.

Rule discharged.

THE case is stated in the opinion.

*Mr. Robert A. Brown,* with whom *Mr. Maxwell V. Beghtol* and *Mr. Charles A. Frueauff* were on the briefs, for petitioner.

*Mr. C. Petrus Peterson* for the City of Lincoln.

Mr. Justice Pitney delivered the opinion of the court.

Following our decision in *Lincoln Gas & Electric Light Co.* v. *City of Lincoln*, June 2, 1919, 250 U. S. 256, our mandate went down to the District Court of the United States for the District of Nebraska, reciting our determination that its decree of September 23, 1915, should be modified as indicated in the opinion, and as so modified should be affirmed with costs; and proceeding as follows: "You, therefore, are hereby commanded that such execution and proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

Upon the filing of this mandate, the District Court, on January 6, 1920, entered an order modifying its decree of September 23, 1915, as particularly required, and, at the same time, made an order retaining jurisdiction for the purpose of requiring the company to make refund and restitution to consumers of gas for all amounts collected over and above the legal rate pending the litigation, with interest, in accordance with the terms of a bond that the company had filed in the cause in order to obtain a *supersedeas*, with a continuance of injunction, pending its appeal from the decree of September 23, 1915. An appeal from the order retaining jurisdiction, taken by the company to this court, was dismissed because the order lacked finality. 253 U. S. 477. The mandate upon the dismissal again commanded the District Court "that such proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding." This having gone down, the court appointed a master, with direction to examine the books and accounts of the company and prepare an account of the amounts paid by consumers in excess of the ordinance rates during the pendency of any restraining order or injunction in the

cause; with other provisions not necessary to be mentioned.

The company applied to this court, obtained leave for the purpose, and filed a petition for a writ of mandamus to command the judge of the District Court to nullify and revoke the above mentioned orders and refrain from assuming jurisdiction over the cause as aforesaid. An order to show cause was issued, proper return thereto made by the judge, and the matter has been argued.

From the petition and return the following additional particulars appear: The original suit was commenced December 27, 1906, in the United States Circuit (now District) Court, by the company against the city and its officials as defendants seeking (among other things) to enjoin the enforcement of an ordinance regulating the price to be charged for gas. At the outset a restraining order was obtained, and this was followed by a temporary injunction, continued in force until final decree, and afterwards, pending an appeal to this court (223 U. S. 349), under a bond conditioned to account for overcharges if the rate ordinance should be sustained. After this first appeal, the litigation was continued until September 23, 1915, when the District Court made a final decree sustaining the rate ordinance and dismissing the bill. An application for allowance of an appeal to this court, with a *supersedeas* to keep the injunction in effect, was granted November 22, 1915, upon approval of a supersedeas bond tendered by the company for the purpose, in the penal sum of $575,000, to be paid to the clerk of the District Court for the benefit of all gas consumers who had purchased gas from the company during the pendency of the action from its commencement, and all consumers who should purchase gas thereafter until the final determination of the suit; with a condition reciting the decree of September 23, 1915, and the temporary injunction theretofore granted to restrain the putting into effect

of the rate ordinance, and providing that if the company should prosecute its appeal to effect, or failing to make its appeal good should answer all costs and damages and refund all overcharges collected from gas consumers above the price fixed by said ordinance, and should pay to the clerk of the District Court or his successor in office, for the benefit of all whom it might concern and in particular for the benefit of all consumers entitled to refunds, all overcharges collected since the granting of the original injunction, together with interest thereon, when the several parties lawfully entitled and the amount of refund due to each should have been ascertained in the action in such manner as the court should direct, the determination to be binding upon all parties to the bond, then the obligation should be void, otherwise to remain in force.

This appeal resulted in our decision of June 2, 1919, affirming the decree, with two modifications, one of which related to an occupation tax that was under attack in the same suit, but is not now material; the other was, to cause the dismissal of the suit as to the rate ordinance to be without prejudice to the commencement of a new action thereafter to restrain enforcement of the ordinance if it could be shown to be confiscatory in its effect under the new conditions.

Thus it appears that, during the entire course of this protracted litigation (except for a period when the company put the prescribed rate into effect as a test), the operation of the ordinance was suspended at the instance of the company, upon terms obliging it and its surety to refund all overcharges should it fail to make good its attack upon the established rate, and binding it to abide by the determination of the court in the same cause as to the amounts due, and pay the entire amount thus ascertained, with interest, to the clerk of the court, for the benefit of the consumers. According to the com-

pany's own statement, its books showing the accounts between it and its customers during the period from 1906 to 1920 contain more than 25,000 accounts, which are involved and complicated by other charges, so that an examination of them would involve much time and expense.

The principal contention upon which the petition for mandamus is rested is that, under our mandate following the decision of June 2, 1919, and the more recent one on dismissal of the subsequent appeal, no jurisdiction was conferred upon the District Court to take any action except to affirm its decree of September 23, 1915, dismissing the bill of complaint, after modifying the decree in the two particulars specified. It is said that, after an appeal, the court below has jurisdiction to proceed only in conformity with the direction of the mandate of the appellate court. This may be conceded. But here our mandate expressly commanded "that such execution and proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding." Of course, whatever proceedings were taken thereafter in the same cause would be *further* proceedings; and the absence of the particular word "further" from the mandate is of no consequence. Emphatically the command called for proceedings in the nature of execution according to right and justice and the laws of the United States. The necessary meaning is that the court below should proceed to carry our decision into full effect according to right and justice; and, manifestly, this could not be done without proceeding to enforce the supersedeas bond according to its terms. The bond recognized that the city and its officials, who were the nominal parties defendant, were in a broad sense the representatives of the consumers, the parties actually concerned. It recognized that they were required to pay a rate for gas higher than the city

ordinance had determined to be just and reasonable; that these excess charges were being exacted pending the suit, in order that the company might be secure in the event that it should prevail, and, *per contra*, that they ought to be refunded with interest in the event that it should fail. It recognized that the consumers were so many in number, and the difficulty of sustaining their individual claims through separate suits would be so great, that to remit them to such suits would be a virtual denial of justice. And it recognized that to ascertain what should be due to them, to see to its collection from the company in case of its failure to make good its attack upon the ordinance, and to cause distribution to be made among the several claimants, was essential to the doing of complete equity, and therefore a natural incident to the jurisdiction of the court in the main cause. To retain jurisdiction for the purpose of requiring that restitution be made according to the terms of the bond was and is a necessary part of the duty of the District Court under the mandate.

The case is within the principle of *Arkadelphia Milling Co.* v. *St. Louis Southwestern Ry. Co.*, 249 U. S. 134, 143–147.

The contention that the jurisdiction fails because the consumers were not parties to the record nor in privity with the parties, and the company prayed no relief against them, is transparently unsound. The ordinance was intended to limit the gas rate for the benefit of the consumers; suit was brought against the municipality and its officers as the public representatives of the interests of the consumers; the restraining order and temporary injunction were intended for the very purpose of enabling the company to exact, pending the suit, rates in excess of those limited by the ordinance; the equitable duty to refund excess charges if the suit should fail was a duty owing to the consumers; and the form of the supersedeas

bond recognized all this, and was particularly designed for their protection.

Nor is there substance in the contention that the jurisdiction does not extend to overcharges subsequent to September 23, 1915. The thought suggested is, that the adjudication of the validity of the ordinance did not extend beyond the date of the final decree; that thereafter changed conditions, increased costs, and other circumstances referred to by us in 250 U. S. 268, may have rendered the limited rate non-compensatory, and the ordinance therefore confiscatory; and that at least the company, before being called upon to make restitution, ought to have a hearing upon this question as to the period subsequent to September 23, 1915. The contention overlooks the effect of the ordinance, which is presumptively valid, and has continuing force unless and until set aside by judicial decree as the result of an investigation, in which the burden of proof is upon the company; that the decree of September 23, 1915, is conclusive evidence that the company has made such an attempt, and has failed, and that the ordinance rate not only is lawful and binding, but will so continue unless and until the company, under the "without prejudice" clause, shall begin a new suit and maintain its contention that the rate through changed conditions has become non-compensatory. See *Missouri v. Chicago, Burlington & Quincy R. R. Co.*, 241 U. S. 533, 539. The contention also overlooks the fact that the bond itself was given subsequent to the decree appealed from, in terms for the benefit not only of gas consumers who theretofore had purchased gas from the company but of those who should purchase thereafter at any time before the final determination of the suit. The specific obligation thus assumed requires it to refund all overcharges collected in excess of the ordinance rate, so long as it had the benefit of the injunction pending the appeal; and the jurisdiction of the District Court to see

that the excess charges are refunded has corresponding extent.

We have said enough to demonstrate the existence of the jurisdiction of the District Court and its scope. Other points are raised, but they relate not to the question of jurisdiction, but to the mode in which the jurisdiction ought to be exercised. If they have substance—as to which we make no intimation—they will be subject to review in the appropriate method, after the conclusion of the proceeding.

*Rule discharged.*