[No. 33416. Department One. March 15, 1956.]

N. Mon Wai et al., *Appellants*, v. George F. Parks *et al.*,
*Respondents*.[1]

*Velikanje, Velikanje & Moore* and *Paul M. Goode*, for
appellants.

*G. E. Clark*, for respondents.

Donworth, J.—This is the third appeal arising out of a
written lease involving certain real property in Yakima.

The basic facts are stated in *Mon Wai v. Parks*, 43 Wn.
(2d) 562, 262 P. (2d) 196 (herein referred to as the first
appeal), and *Mon Wai v. Parks*, 46 Wn. (2d) 138, 278 P.

[1]Reported in 294 P. (2d) 931.

(2d) 676 (herein referred to as the second appeal), and will be mentioned herein only to the extent necessary to an understanding of the two points relied upon by appellants on this appeal, which are:

"1. That the court committed error under R.C.W. 4.88-.240 in the allowance of interest at 6% per annum from December 3, 1952, until paid.

"2. That the court committed error in the entry of the judgment allowing the defendant George F. Parks a $250.00 attorneys' fee against the plaintiffs."

After the remittitur went down on the second appeal, in which it was held that Parks was entitled to the benefit of Watkins' appeal by reason of the necessity of the case, Parks filed in the superior court a motion for the issuance of a writ of execution against appellants in accordance with the remittitur and for judgment for reasonable attorney's fees and taxable costs.

This motion was heard, and the court, on March 25, 1955, entered an order providing for the issuance of a writ of execution for the sum of $1,611.29, together with interest thereon at six per cent per annum from December 3, 1952, until paid.

On the same day, the court entered judgment in favor of Parks against appellants for two hundred fifty dollars and certain taxable costs. This award, made by the court for reasonable attorney's fees, was based upon the following provision of the written lease above referred to:

" 'In the event suit or action is instituted to enforce any of the terms or conditions of this agreement, or to regain possession of the same, or any part thereof, the prevailing party in such suit or action shall be entitled to reasonable attorneys' fees to be determined by the court;' . . ."

The present appeal is being prosecuted from the order and the judgment described above.

Appellants' first point on which they rely for reversal relates to the allowance of interest on the sum of $1,611.29 from the date appellants collected this amount from Parks by means of their writ of execution based on the original judgment entered September 12, 1952. This judgment was

reversed on the first appeal (which was prosecuted by Watkins).

When, on the second appeal, this court held that Parks was entitled to the benefit of Watkins' appeal by reason of the necessity of the case and reversed the order of the trial court denying Parks any relief, the necessary result was that appellants' retention of the money previously collected on execution became unlawful. Consequently, in the present proceeding the trial court was correct in allowing interest on the $1,611.29, which appellants were wrongfully holding, the use of which they had had since December 3, 1952.

As stated in *Mall Tool Co. v. Far West Equipment Co.,* 45 Wn. (2d) 158, 273 P. (2d) 652:

"The authorities are in general agreement that, when an amount claimed is 'liquidated' or when the amount of an 'unliquidated' claim is ascertainable by computation, interest is allowed as damages for the withholding of the amount due. *Parks v. Elmore,* 59 Wash. 584, 110 Pac. 381 (1910); *Herman v. Golden Arrow Dairy,* 191 Wash. 582, 71 P. (2d) 581 (1937); McCormick on Damages 213, § 54; 1 Sutherland on Damages (4th ed.) 1004, 1030, §§ 320, 329."

Here there was no error in the trial court's inclusion of interest in the order for the issuance of the writ of execution against appellants, since Parks was entitled to damages for the wrongful withholding of the $1,611.29.

The second point on which appellants claim that the trial court erred was in entering judgment against them and in favor of Parks for two hundred fifty dollars attorney's fees, when Parks had not alleged any right thereto nor prayed therefor until after the second appeal had been disposed of by this court.

We have quoted above the provision of the lease to the effect that the prevailing party shall be entitled to reasonable attorney's fees to be fixed by the court.

There is no doubt that Parks was the prevailing party in this litigation from and after this court's decision on the second appeal. The question is whether his application for attorney's fees came too late.

The course of this rather unusual litigation began when appellants, as lessors under the written lease, instituted this action against Parks and Watkins, the original lessees, to recover unpaid rent. Parks had assigned his interest therein to Watkins shortly after the execution of the lease. The contentions of the several parties are described in our decision on the first appeal as follows:

"March 7, 1952, Mon Wai and wife commenced this action against Parks and Watkins for the unpaid rent. Parks answered, setting up the agreement between himself and Watkins and praying that, in the event judgment be entered against him, he have and recover judgment over against Watkins in the full amount, together with an attorney's fee of $150. Watkins answered, alleging that the lease was terminated and rescinded prior to the institution of the action and that there was no valid and binding agreement in existence at that time.

"The trial court entered judgment against Parks and Watkins, and each of them, in the amount of $1,215, plus interest and costs, and an attorney's fee of $250. The court also, as part of the same judgment, awarded judgment in the amount of $1,465 to Parks over and against Watkins, together with an attorney's fee of $150. Watkins alone is appealing." *Mon Wai v. Parks*, 43 Wn. (2d) 562, 262 P. (2d) 196.

Appellants contend that, since Parks did not appeal from the original judgment in their favor entered in 1952, it became *res judicata* of Parks' right to an allowance for attorney's fees.

However, that judgment was reversed by this court on the first appeal, which Watkins prosecuted. Parks then sought a writ of execution against appellants, which the trial court denied, because he was not a party to the first appeal. Parks then appealed to this court, which sustained his contention that its decision on the first appeal was applicable to Parks from the necessity of the case.

The effect of our decision on the second appeal was to make the reversal of the original 1952 judgment effective as to Parks as well as to Watkins. Therefore, the 1952 judgment, being wiped out, could not thereafter be *res judicata* as to anything.

■ When Parks, in 1955, moved the trial court for judgment for reasonable attorney's fees, he was then, for the first time, a prevailing party in the action within the meaning of the above quoted provision of the lease. The trial court did not err in allowing him this relief at that time, even though he had not previously prayed for such relief. Appellants had, in the 1952 judgment, been awarded two hundred fifty dollars attorneys' fees under the same lease, and, after that judgment became a nullity because of its reversal by this court, they are in no position to object to the court's making the same allowance to Parks.

The order and judgment appealed from are hereby affirmed.

HAMLEY, C. J., FINLEY, and OTT, JJ., concur.

SCHWELLENBACH, J. (concurring in part and dissenting in part)—I agree with the majority that Parks is entitled to interest, but I cannot agree that he is entitled to an attorney's fee. In order to better understand the problem, I wish to set out the events in chronological order.

Parks and Watkins, as lessees of the Mon Wai lease, took possession July 1, 1949.

July 22, 1949, Parks sold his interest to Watkins, who assumed and agreed to pay, and in all particulars to perform, the rentals, terms, and conditions of the Mon Wai lease.

Mon Wai sued Parks and Watkins on the lease.

Parks answered, denying liability because of his assignment to Watkins, and prayed that, in the event judgment be entered against him, he have and recover judgment over and against Watkins in the full amount, together with an attorney's fee of $150.

Watkins answered, alleging that the lease had terminated prior to the institution of the action.

The trial court entered judgment against Parks and Watkins, and each of them, in the amount of $1,215, plus interest and costs and an attorney's fee of $250. The court also, in the same judgment, awarded judgment in the amount of $1,465 to Parks over and against Watkins, together with an attorney's fee of $150. Watkins alone appealed.

While the appeal was pending, Mon Wai collected his judgment from Parks and satisfied the judgment against Parks and Watkins. Parks collected his judgment against Watkins.

We reversed the judgment.

Watkins then secured a writ of execution against Mon Wai and Parks for recovery of the money which he had paid Parks on his judgment over. He also, as the prevailing party, obtained a $250 attorney's fee against Mon Wai.

In the original trial in superior court, Parks confined his activities to obtaining a judgment over against Watkins. He denied liability to Mon Wai solely because of his assignment to Watkins. The trial court held him liable because his name was on the lease. He did not appeal.

As a result of Watkins' reversal of the judgment, Parks "got a free ride" when we held in the second appeal that "Parks is entitled to the benefit of Watkins' appeal by reason of the necessity of the case." The import of that decision was to relieve Parks from paying the original judgment, but it did not entitle him to an attorney's fee as the "prevailing party." He did not *prevail* on his defense to Mon Wai's action. He was let in the back door after the litigation concerning the lease had ended.