**James P. FOLEY and Foley Industries, Inc., Plaintiffs-Appellants,**

v.

**Herman L. SMITH and Max-Smith Co., Inc., Defendants-Appellees.**

No. 28079.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1970.

Paul L. DeVerter, II, Jefferson D. Giller, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for plaintiffs-appellants.

Paul E. Harris, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendants-appellees.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

PER CURIAM:

Suit was filed in district court by James P. Foley and Foley Industries, Inc. (hereinafter Foley), Plaintiffs-Appellants, versus Herman L. Smith and Max-Smith Co., Inc. (hereinafter Smith), Defendants-Appellees, for infringement of United States Letter Patent No. 2,-990,639, described briefly as a telephone number index which fastens underneath standard telephones. On February 29, 1968, a Final Consent Judgment was entered by the district court. On March 5, 1969, Foley filed in district court their Motion for Contempt, which was heard and determined by the district court, the Order entered April 4, 1969, from which this appeal is prosecuted.

The Order of the district court, entered April 4, 1969, is vacated and the case is remanded for further development. Paragraph 4 of the Final Consent Judgment, dated February 29, 1968, reads:

> "4. It is further Ordered and Decreed that the Defendant's structure exemplified in Exhibit C attached hereto, which is the same structure shown in Exhibit 14 attached to the deposition of Herman L. Smith taken on January 23, 1968, and represented by Defendants to be the structure now made by Defendants, does not infringe the claims of the patent in suit, so long as the circular hole, shown as Item I on Exhibit C, has a nominal diameter equal to or greater than the nominal unstretched diameter of the elastic cord, shown as Item 2, in Exhibit C."

The language of the Final Consent Judgment is in dispute. We do not know what meaning to give to the use of the

word "nominal" in the context in which it is used. Upon rehearing, such word should be precisely defined, preferably by stipulation. The record indicates that Mr. Harris, attorney representing Smith, asked to put Mr. DeVerter, attorney representing Foley, on the stand for such purpose, which was not allowed. As stated above, we prefer that the use of the word "nominal", in the context in which it is used, be precisely defined by stipulation, but if the parties are unable to stipulate its meaning, the discussions during the settlement conference may be probed.

Vacated and remanded.