James P. FOLEY and Foley Industries, Inc., Plaintiffs-Appellants,

v.

Herman L. SMITH and Max-Smith Co., Inc., Defendants-Appellees.

No. 28079.

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1971.

Paul L. DeVerter, II, Jefferson D. Giller, Houston, Tex., for appellants.

Paul E. Harris, Houston, Tex., for appellees.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

BY THE COURT:

By per curiam opinion, 421 F.2d 698, dated February 2, 1970, this appeal was vacated and remanded to the district court to determine the meaning of the word "nominal" in the context in which it was used in the Final Consent Judgment of February 29, 1968.

It comes back to us upon appellants' motion for Order in Aid of Mandate. The motion recites that, upon remand, a conference between the district judge and the attorneys was held in the judge's chambers without a reporter present. No transcript exists. From representations contained in the motion and the briefs, it appears that the parties could reach no agreement upon the meaning of the word "nominal" in the context in which it was used and that the district judge vacated the Final Consent Judgment, ordered the plaintiffs to pay back money to the defendants which the defendants originally paid in settlement of the case, and placed the case on the trial docket.

A mandate is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal. Paull v. Archer-Daniels-Midland Co., 313 F.2d 612, 617 (8th Cir. 1963). In the case at bar nothing was disposed of on appeal. The case was remanded for the limited purpose stated. The parties were unable to agree upon what the consent judgment meant. They still have a case in dispute. Should they litigate the dispute raised by the original action or that raised by the meaning of the consent judgment? We believe that the action of the district judge in vacating the Final Consent Judgment is within the proper exercise of judicial discretion. Appellants' Motion for Order in Aid of Mandate is therefore denied.