In the Matter of IMPERIAL "400" NATIONAL, INC., a Delaware corp., et al.

Appeal of UNION BANK, in No. 71–1550.

Appeal of CHEMICAL BANK, NEW YORK TRUST COMPANY, in No. 71–1551.

Appeal of FIRST NATIONAL BANK OF AKRON, in No. 71–1552.

Appeal of BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Trustee for Aerojet-General Corporation Noncontributory Pension Plan Trust PWP–12829, in No. 71–1553.

Appeal of BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Trustee for Aerojet-General Corporation Salaried Employees Retirement Plan Trust PNP–13840, in No. 71–1554.

Appeal of OFFICIAL CREDITORS' COMMITTEE, in No. 71–1555.

Appeal of Joseph M. NOLAN, in Nos. 71–1550 to 71–1556. No. 71–1556.

United States Court of Appeals, Third Circuit.

Argued Jan. 27, 1972.

Decided March 15, 1972.

Laurence W. Levine, Walsh & Levine, New York City, for appellant in No. 71–1550.

Alvin Weiss, Riker, Danzig, Scherer & Brown, Newark, N. J., for appellants in Nos. 71–1551 to 71–1554.

Sheldon Schachter, Kleinberg, Moroney, Masterson & Schachter, Newark, N. J., for appellant in No. 71–1555.

David Ferber, Solicitor, Securities and Exchange Commission, Washington, D. C., for appellee in all cases.

Before McLAUGHLIN, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

These cases, consolidated for appeal, involve the possible liability of a trustee in reorganization and his attorney for the payment of interest on, or a similar charge for the use of, that portion of a third interim allowance and fee granted by the district court without specification of a payment date, paid subsequent to such grant, and later found to be excessive by this court. We find on this record that payments for the use of this money improperly taken from the bankruptcy estate should be made by the above-mentioned fiduciaries.

■ The factual background of these reorganization proceedings for the debtor corporation is set out in In re Imperial "400" National, Inc., 429 F.2d 671 (3d Cir. 1970). On December 29, 1969, the district court entered an order, over the unanimous objections of the Creditors Committee, awarding third interim allowances to the trustee of $90,000 and third interim fees of $125,000 to the trustee's counsel. At the time this order was entered, the court and the above-mentioned fiduciaries were notified by at least one creditor, counsel for the General Tire Pension Funds, that an appeal of the order would be filed. Prior to the filing of notices of appeal on January 20, 1970, payments of the third interim allowance and fee were made to the trustee and his counsel.[1] This court, in its August 1970 opinion, In re Imperial "400" National, Inc., 432 F.2d 232 (Appeals Nos. 18,804–18,809), reversed the district court order of December 22, 1969, and remanded for further proceedings, stating that "In no event, however, shall awards of interim compensation for the third period exceed $27,500. to the trustee or $45,000. to his attorney."[2]

On October 13, 1970, a hearing was held before the district court and all parties consented to interim awards of $27,500 to the trustee and $45,000 to his counsel. Subsequently the excess of the earlier allowances over these agreed upon allowances were returned to the estate. On October 15, 1970, the trustee's counsel reimbursed the debtor's estate in the amount of $80,000 and the trustee

---

1. On December 29, 1969, the trustee received $45,000 and on January 12, 1970, the remaining $45,000 was paid to him. Counsel for the trustee received his full $125,000 fee on January 17, 1970. Such counsel stated during a hearing on December 14, 1970, "When I received my money in January of 1970, I had known there was an appeal." N.T. 22 of Document 943.

2. 432 F.2d at 240. The judgment of the court in the above appeals stated:

"On consideration whereof, it is now here ordered and adjudged by this Court that the judgment of the said District Court, filed December 22, 1969, be, and the same is hereby reversed, and the causes remanded for further proceedings consistent with the opinion of this Court. In no event, however, shall awards of interim compensation for the third period exceed $27,500 to the trustee or $45,000 to his attorney. . . ."

The question of interest or compensation for use of the money paid to the trustee and his counsel was not argued by the parties and was not determined, either expressly or by implication, in the decision on the above appeals. Under these circumstances, the district court was free to pass on the above question on remand. See Perkins v. Standard Oil Co. of California, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1969) (per curiam); Foley v. Smith, 437 F.2d 115, 116 (5th Cir. 1971); Wm. G. Roe & Company v. Armour & Company, 414 F.2d 862, 866 (5th Cir. 1969); Paull v. Archer-Daniels-Midland Co., 313 F.2d 612, 617 (8th Cir. 1963).

made a similar reimbursement of $62,500 on November 9, 1970.

■ At the October 13, 1970, hearing, the question of interest on the above sums to be returned to the bankruptcy estate was raised. Upon motion of a creditor, the question of interest charges on the above-mentioned $80,000 and $62,500 was reconsidered on December 14, 1970.[3] On March 10, 1971, the district court entered an order exempting the trustee from any interest payments but requiring the trustee's counsel to pay the interest which had accrued on that portion of the allowance which he was required to return to the estate.[4]

■ A trustee in reorganization is an officer of the court [5] who occupies a special fiduciary position,[6] and counsel for the trustee has equivalent fiduciary responsibilities to the estate in reorganization and the creditors.[7]

■ On this record, we have concluded that the trustee and his counsel are required to repay to the bankruptcy estate interest at the prevailing rate of return being earned by the estate on its invested funds during 1970 on the

3. Additional arguments were heard on this subject on January 11, 1971, and February 8, 1971. Normally a party against whom an erroneous judgment has been carried into effect, such as the beneficiaries of the bankrupt's estate, is entitled, in the event of a reversal, to be restored by his adversaries to the position he would have been in if the erroneous judgment had not been entered. *See* Mitchell v. Riegel Textile, 104 U.S.App.D.C. 139, 259 F.2d 954, 955 (1958), citing Arkadelphia Milling Co. v. St. Louis Southwestern Ry. Co., 249 U.S. 134, 145, 39 S.Ct. 237, 63 L.Ed. 517. Where the erroneous decree has enabled the beneficiary to collect an excessive amount, there is authority for the position that he is required to return the excess plus interest from the date of the overpayment. *See* Baltimore & O. R. Co. v. United States, 279 U.S. 781, 786, 49 S.Ct. 492, 73 L.Ed. 954 (1928); Mitchell v. Riegel Textile, 104 U.S.App.D.C. 139, 259 F.2d 954 (D.C. Cir. 1958); Mon Wai v. Parks, 48 Wash. 2d 507, 294 P.2d 931 (Sup.Ct.1956); Restatement of Restitution, §§ 156–157 (1937). We need not decide in this case if interest is properly assessable under such a theory of unjust enrichment, since we find the principles of trust law as set out *infra* controlling on this question under these facts.

4. The rationale for this different treatment was apparently that the trustee should pay no interest since he did not invest the sums paid to him, but the trustee's counsel, who had invested his fee, should repay to the bankruptcy estate such part of the interest received on such investment as was allocable to that portion of it which he was required to return. The exact terms of this order were:
  "1. That the motion to require Thomas J. O'Neill, Trustee of the debtors' estate, to pay any interest on that portion of the third interim allowance awarded to him which he was required to return pursuant to the Judgment of the United States Court of Appeals for the Third Circuit is denied.
  "2. That Joseph M. Nolan, Esq. be required to pay into the debtors' estate all accruals on that portion of the third interim allowance awarded to him by this Court which he is required to repay to the debtors' estate pursuant to the Judgment of the United States Court of Appeals for the Third Circuit."

On May 14, 1971, the district court granted a stay of its earlier order, stating:
  "Ordered: That Joseph M. Nolan, Esq. be and is not required to return the interest accrued on certain invested funds placed at interest and allowed by this Court's Order of December 22, 1969, until the appeal is decided by the United States Court of Appeals for the Third Circuit. . . ."

5. *See* Williamson v. United States, 309 F.2d 892, 896 (6th Cir. 1962), and cases cited; 2 Remington on Bankruptcy (Henderson Ed.), § 1117, p. 580.

6. *See* Williamson, *supra*, 309 F.2d at 896; Lines v. Falstaff Brewing Co., 233 F.2d 927 (9th Cir. 1956).

7. *See* Berner v. Equitable Office Bldg. Corp., 175 F.2d 218 (2d Cir. 1949); *cf.* National Labor Relations Board v. Lewis, 249 F.2d 832, 838 (9th Cir. 1957). The office of the attorney for the trustee is especially important due to the unique ability of such an attorney to protect against dishonesty and advise the trustee *ex parte* in the administration of the estate. 3A, Collier on Bankruptcy (14th Ed.), ¶ 62.12(2), p. 1467.

above-mentioned $62,500 and $80,000,[8] from the above-mentioned applicable payment dates in January 1970 until the applicable dates of repayment in November and October 1970, respectively,[9] particularly because of these reasons presented by the facts of this case:

A. All members of the Creditors Committee and the creditors having the largest claims, as well as the SEC, objected to these interim fees and allowances, and at least one creditor notified the court and the above-mentioned fiduciaries of its intention to appeal from the December 22, 1969, order before any payments were made pursuant to that order. See, also, note 1 above.

B. The allowance and fee authorized by the district court were withdrawn by the trustee prior to the expiration of the time allowed for taking an appeal from the creditor-opposed court order granting the awards and after oral notice had been given that such an appeal would be taken. We agree with the position expressed by Judge Learned Hand in Central Hanover Bank & Trust Co. v. Herbst, 93 F.2d 510, 512 (2d Cir. 1937), that a fiduciary who has been awarded money by a court order is charged with notice that the award is conditional until the time to appeal it has expired and that the award will not protect him if reversed. In a case such as the instant action, where notice of an appeal has been given, the fiduciary who withdraws funds is guilty of a breach of his fiduciary duty.[10] The danger of such with-

8. This is the interest rate requested by the appellants from both the trustee and his counsel during the oral argument; but cf. Section 205(b) of Restatement of Trusts (2d), quoted below at page 9 as to the interest which the appellants in Nos. 71–1550 through 71–1555 have the right to secure from counsel for the trustee were it not for the position taken in this request. We assume that the interest payable in accordance with this opinion will be paid promptly by the fiduciaries to the reorganization estate and, under this assumption, we reject any contention that interest should be paid upon the above-described 1970 interest.

We cannot overlook the indications in the record that many creditors have been urging termination of these proceedings and expressing disappointment that the trustee continues to have possession of funds they claim for the estate while refusing to support a plan which gives such creditors the maximum cash promptly. See page 9 below.

9. We have not overlooked the recommendation of the SEC, both to the district court and to this court, that no interest be payable until the final award of fees and allowances in this case. However, we believe such delay in repayment of interest on moneys taken from the reorganization estate by the fiduciaries at their peril, knowing of the virtually unanimous opposition of the creditors and the objections of the SEC, is inconsistent with the previous decisions of this court. See In re Imperial "400" National, Inc., supra, at 235 of 432 F.2d, stating that:

". . . allowances should only be granted where they are necessary 'in order that the administration of the debtor's estate may be carried on.' . . . [and] the allowances granted should be 'well below any possible final allowances,' both because 'overly generous' awards might encourage procrastination and because it is only at the conclusion of a reorganization that the value of the services can be appropriately measured."

We believe that the creditors are justified in their position that the estate is entitled to the interest or similar charge for the use by these fiduciaries of its moneys at this time.

In view of the SEC's position, adopted in part by the district court, the above-mentioned fiduciaries were clearly entitled to appeal and we fully approve of their Statement in Lieu of Brief, assuming an appropriate non-adversary position in the presentation of their views. However, after careful consideration of the great weight to be given to the SEC recommendations, we decline to follow them on the facts of this case for the reasons stated in this opinion. Also, we emphasize that we appreciate the helpful time and thought which the SEC has given to the problems of this reorganization estate, as manifested in its able briefs and oral arguments, both in these appeals and in Nos. 18,804–18,809.

10. We have not overlooked the possibility that the fiduciaries withdrew the amounts awarded to them by the district court in order to secure inclusion of these sums

drawals, where a fiduciary is paying fiduciary funds to himself, is illustrated by the *Central Hanover* case, where the receiver who withdrew his allowance became insolvent prior to a reversal of the award of the allowance.[11]

C. When a trustee has violated any duty which he owes as a trustee to the beneficiaries,[12] he is chargeable with:

"(a) any loss or depreciation in value of the trust estate resulting from the breach of trust; or

"(b) any profit made by him through the breach of trust; or

"(c) any profit which would have accrued to the trust estate if there had been no breach of trust." [13]

D. This bankruptcy estate has been in reorganization for six years under the management of the trustee and his counsel and there has been widespread dissatisfaction with the failure of the above-mentioned fiduciaries to secure action by the court on a reorganization plan. See In re Imperial "400" National, Inc., *supra*; brief for appellant, Union Bank, No. 71–1550, at pp. 31–33; N.T. 13–15, hearing of 12/14/70 (Document 943); N.T. 13–21, 36, hearing of 2/8/71 (Document 944); pp. 5–6 of 1/21/72 letter from counsel for the Burnham Group (proponents of a reorganization plan).

We have concluded that interim allowances and fees should not be paid in the future to a trustee, receiver or his counsel without an order of the court authorizing the payment of such fees on a specific date. Such orders should only be granted prior to the decision on appeal in those instances where the recipient of the award has demonstrated a compelling need for an early award and the estate is protected by a bond or in some equivalent manner.[14]

In accordance with the foregoing opinion, an order will be entered vacating the district court order of March 10, 1971, and directing:

(A) payment individually by the trustee of interest at the rate earned by the reorganization estate in 1970 on $17,500 for the period from 12/29/69 to 11/9/70, and on $45,000 for the period from 1/12/70 to 11/9/70;

(B) payment individually by counsel for the trustee of interest at the rate earned by the reorganization estate in 1970 on $80,000 from 1/17/70 until 10/15/70;

(C) the inclusion in costs in this court, to be paid by the trustee and his counsel individually, of the expenses of reproducing the briefs of appellants, except that the expenses of only 10 pages of the Union Bank briefs [15] shall be so included, as well as the docketing fees;

---

in a particular taxable year, but such withdrawal was at their peril. We reject the contention of the fiduciaries that the failure of appellants in Nos. 18,804–18,809 to request a stay of the December 29, 1969, district court order is of controlling significance.

11. Because of the high integrity and financial responsibility of the fiduciaries involved, we note that in this case there was no indication of any danger of loss to the estate of the funds paid to them.

12. Restatement of Trusts (2d) § 201 (1959) provides:
"A breach of trust is a violation by the trustee of any duty which as trustee he owes to the beneficiary."
See Scott on Trusts, § 201, p. 1650 (3d Ed.1967). As pointed out above, the payees of these fees were fiduciaries dealing with money belonging to the reorgani-

zation estate. As stated by Mr. Justice Cardozo in Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 546 (1928):
"Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior."

13. Restatement of Trusts (2d) § 205 (1959); III Scott on Trusts, § 205, p. 1665 (3d Ed.1967).

14. Only in the most exceptional circumstances should such payments be made prior to expiration of the time for filing an appeal application. See note 11 above.

15. Since these briefs contain considerable material irrelevant to the issues presented

(D) payment of the charge for printing the appendix by the debtor's estate; and

(E) that other costs shall be paid by the party incurring them, provided, however, that the expenses of reproducing (1) the Statements In Lieu of Briefs and (2) the briefs filed by the trustee and his counsel shall be paid by such fiduciaries individually.

by these appeals, we are allowing as costs slightly more than the number of pages (8) of the brief filed on behalf of the appellants in Nos. 71–1551 to 71–1555, inclusive.