BALTIMORE & OHIO RAILROAD COMPANY ET AL.
*v.* UNITED STATES ET AL.

No. 563. Argued April 24, 1929.—Decided June 3, 1929.

*Mr. Frederic D. McKenney,* with whom *Messrs. Morison R. Waite, Theodore Schmidt,* and *John S. Flannery* were on the brief, for appellants.

*Messrs. Charles S. Burg* and *Henry H. Larimore,* with whom *Messrs. Morris G. Roberts* and *Wallace T. Hughes* were on the brief, for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is the second appeal in this case; the first was heard and determined at last term. 277 U. S. 291. The

appellants and appellees are the same here as they were on that appeal. The former are called the east side roads and the appellee carriers are called the west side roads. The western termini of the appellants are at East St. Louis and the eastern termini of the appellee carriers are at St. Louis. For many years the east side roads and the west side roads have exchanged traffic by means of the facilities of the Terminal Railroad Association. *United States* v. *St. Louis Terminal,* 224 U. S. 383. *Ex parte United States,* 226 U. S. 420. *United States* v. *St. Louis Terminal,* 236 U. S. 194. *Terminal R. R. Ass'n* v. *United States,* 266 U. S. 17.

The west side roads in order to meet the competition of other rail carriers west of the river whose lines reached East St. Louis made the same rates to both cities and absorbed and bore the cost of transferring all freight across the river. On most of the traffic the east side roads made the same rates to both cities; but on through traffic moving on combination rates through both points, their rates applied only to East St. Louis.

After the decision of this court in *Terminal R. R. Ass'n* v. *United States,* 266 U. S. 17, the west side roads made complaint to the Interstate Commerce Commission and secured its order requiring the east side roads to absorb the charges for transfer across the river on all westbound through traffic moving on combination rates which were the same on St. Louis as on East St. Louis. 113 I. C. C. 681. The east side roads brought this suit against the United States to set aside the order; the Commission and west side roads intervened. The court, consisting of three judges, dismissed the suit for want of equity. This court reversed the decree and by its mandate directed that such further proceedings be had in the case, in conformity with the opinion and decree, as according to right and justice and the laws of the United States ought to be had.

The mandate having been filed in the district court, the appellants applied for a decree in conformity with it.

They averred that, by reason of the erroneous dismissal of the suit, they had been compelled, up to the time our decree of reversal went into effect, to comply with the order of the Commission from its effective date, December 11, 1926, and had paid the transfer charges covered by the order. They prayed that the decree require the west side roads severally to restore to the respective east side roads the amounts which, because of the erroneous decree of dismissal, they had borne and paid, and that the case be referred to a master to ascertain the amounts.

After hearing, the district court, as before consisting of three judges, vacated its earlier decree and set aside the order of the Commission. The court found that appellants had complied with the order of the Commission as alleged, retained jurisdiction of the case and later entered its final decree denying appellants' application for restitution and for reference to a master. This appeal was taken from such denial.

The west side roads move to dismiss on the ground that the part of the decree complained of is not reviewable here on this appeal.

The Urgent Deficiencies Act of October 22, 1913, 38 Stat. 219,* provides that no decree setting aside any order of the Commission shall be granted by any district court unless the case shall be heard and determined by three judges. And the Act gives aggrieved parties the right to appeal to this court from a final decree in any suit brought to set aside such orders. There is no question as to the

---

* " . . . No interlocutory injunction suspending . . . or setting aside . . . any order made . . . by the Interstate Commerce Commission shall be . . . granted by any district court of the United States . . . unless the application for the same . . . shall be heard and determined by three judges. . . .

An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction, in such case . . .

And upon the final hearing of any suit brought to suspend or set aside, in whole or in part, any order of said commission the same

jurisdiction of this court on the first appeal or as to the validity of its mandate. The present controversy concerns the construction and effect to be given to the mandate.

Appellants' application for restitution was in effect an equity proceeding resulting in a final decree. *Perkins* v. *Fourniquet*, 14 How. 328, 330. When a lower federal court refuses to give effect to or misconstrues our mandate, its action may be controlled by this court, either upon a new appeal or by writ of mandamus. *In re Potts*, 166 U. S. 263, 265. *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 255, and cases cited. It is well understood that this court has power to do all that is necessary to give effect to its judgments. The Act authorizes this appeal.

Moreover the proceeding below out of which the denial of restitution arose is incidental to and in effect a part of the main suit. Under the Act a court of three judges was required for the entry of the decree on the mandate. *Ex parte United States, supra*, 424. *Ex parte Metropolitan Water Co.*, 220 U. S. 539, 544. The jurisdiction of the court so constituted necessarily includes power to make all orders required to carry on such suits and to enforce the rights and obligations of the parties that arise in the litigation. This appeal rests on the same foundation as did the first. *Arkadelphia Co.* v. *St. Louis S. W. Ry.*, 249 U. S. 134, 142.

The east side roads are entitled to restitution. The order should have been set aside in the first instance. As a result of the erroneous refusal of the court, the burden of the transfer charges in question was shifted from the

---

requirement as to judges and the same procedure as to expedition and appeal shall apply.

A final judgment or decree of the district court may be reviewed by the Supreme Court of the United States . . . and such appeals may be taken in like manner as appeals are taken under existing law in equity cases." [Paragraphing added] U. S. C., Tit. 28, § § 47, 47a.

west side roads to the east side roads and was by them borne until the order was set aside on the reversal of the decree dismissing the bill. All payments made by appellants in compliance with the invalid order enured to the benefit of the west side roads just as if made directly to them.

The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established. And, while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done. *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 219. *Arkadelphia Co.* v. *St. Louis S. W. Ry. Co., supra,* 145. *Ex parte Linclon Gas Co.,* 256 U. S. 512, 516. When the erroneous decree was reversed and the invalid order was set aside, the law raised an obligation against each of the west side roads to make restitution of the payments made by the east side roads in compliance with the order. And thereupon each of the east side roads became entitled to have the amounts so paid by it together with interest thereon from the dates of such payments at the rate established by the law of the State in which such sums were paid.

Before the reversal of the erroneous decree, there was transferred across the river a very great number of shipments covered by the order. The transfer charge on each constitutes a claim in favor of an east side road and against a west side road. If each claim is treated as a separate cause of action enforceable only at law, the number of suits and the burden of maintaining them would be so enormous that the relegation of the east side roads to that remedy would be a virtual denial of justice. It was the duty of the court to retain jurisdiction of the case, enter a decree that appellants are entitled to restitution,

and refer the case to a master as prayed in appellants' motion. *Ex parte Lincoln Gas Co., supra,* 517.

The lower court entered its decree dismissing the suit and, after reversal here, denied restitution without opinion, statement of reasons or citation of authority. The questions were important, and the amounts involved were large. The judges should have given the reasons on which they rested their decisions. *Virginian Ry.* v. *United States,* 272 U. S. 658, 675. *Lawrence* v. *St. L.-S. F. Ry.,* 274 U. S. 588, 596. *Arkansas Commission* v. *Chicago, etc. R. R.,* 274 U. S. 597, 603. *Cleveland, etc. Ry.* v. *United States,* 275 U. S. 404, 414. *Hammond* v. *Schappi Bus Line,* 275 U. S. 164.

*Decree reversed.*