### STANDARD OIL CO. v. NATIONAL LABOR RELATIONS BOARD.

#### No. 494.

Circuit Court of Appeals, Eighth Circuit.

Sept. 20, 1940.

Graddus R. Hagens, of Casper, Wyo., and Donald Evans, of Des Moines, Iowa, for petitioner.

Lee Loevinger, Atty., National Labor Relations Board, of Washington, D.C., Charles Fahy, Gen. Counsel, National Labor Relations Board, Mortimer B. Wolf, and Joseph B. Robison, all of Washington, D.C., for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has moved to dismiss the petition for review filed by the Standard Oil Company in the above-entitled proceeding, upon the ground that this court is without jurisdiction.

The order of the Board, review of which is sought, was entered in a consolidated proceeding in which a single complaint was issued against Standard and its subsidiary, Stanolind Oil & Gas Company. The complaint was based upon separate charges made by a labor union against each of the two companies. The Board consolidated the proceedings. Without objection they were conducted as a single proceeding. One decision, including findings of fact and conclusions of law, was issued by the Board, and it filed one order based upon a single record. The unfair labor practices charged against each of the companies took place in the State of Wyoming. On August 10, 1940, Stanolind filed in the Circuit Court of Appeals for the Fifth Circuit a petition for review of the Board's order in so far as it affected that company. On August 12, 1940, Standard filed in this court a petition for review of so much of the order of the Board as affected Standard. Thereafter the Board filed in the Circuit Court of Appeals of the Tenth Circuit a petition for the enforcement of the entire order, together with a duly certified transcript of the record of the proceeding had before the Board.

Standard contends that the order of the Board in the consolidated proceeding is to be regarded, for the purposes of review, as two separate orders, and that, since Standard does business in the Eighth Circuit, it has the right, under § 10(f) of the National Labor Relations Act, § 160(f), Tit. 29, U.S.C.A., to review by this court of so much of the order of the Board as relates to Standard, and that this right cannot be defeated by the refusal of the Board to file a transcript of the record here or by the filing of a petition for enforcement, together with a transcript, in the Tenth Circuit. The Board contends that its order, for the purposes of review, is a single order and subject to review only in the Tenth Circuit, under § 10(e) of the Act, § 160(e), Tit. 29, U.S.C.A., because jurisdiction under either that section or § 10(f) attaches only upon the filing of a transcript of the record.

It is our opinion that, under the circumstances above outlined, the order of the Board, for purposes of review, constitutes a single order and is subject to review in not more than one Circuit Court of Appeals. It is unnecessary for us to express an opinion as to whether the Circuit Court of Appeals of the Fifth Circuit acquired exclusive jurisdiction to review the order of the Board by virtue of the petition filed by Stanolind, or as to whether the Circuit Court of Appeals of the Tenth Circuit acquired such jurisdiction through the filing by the Board of its petition for enforcement of its order, together with a transcript of the record. We are concerned only with the jurisdiction of this court. We think that it is without jurisdiction.

It is therefore ordered that the motion of the Board be granted, and that the petition for review be dismissed.