MORRIS et al. v. SECURITIES AND EXCHANGE COMMISSION.

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1941.

Chester T. Lane, General Counsel, Christopher M. Jenks, Asst. General Counsel, and John Logan O'Donnell, all of Washington, D. C., for respondent.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (George A. Brownell, Porter R. Chandler, and Lester H. Chase, all of New York City, of counsel), for intervenor.

George L. Schein, of New York City (Joseph M. Cohen, of New York City, of counsel), for petitioner.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The petitioners, as a committee for holders of 7% preferred stock of International Paper & Power Company, filed their petition in this court on January 25, 1940 to review and set aside an order of the Securities and Exchange Commission dated November 28, 1939. The commission has moved to dismiss the petition and the company has moved for leave to intervene in order that it may likewise move to dismiss it.

For an understanding of these motions a recital of the antecedent proceedings before the commission is necessary. On November 30, 1935, International Paper & Power Company filed an application under section 3 (a) (5) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79c (a) (5), for an order exempting it from the provisions of said Act. While this application for exemption was still pending and undetermined, the company formulated a plan for recapitalization, and on March 12, 1937 filed with the commission an "application for order in connection with plan for change in capitalization." For brevity this may be referred to as the "second proceeding". Subsequently the commission furnished a report on the plan, in the manner provided in section 11 (g) (2) of the Act, 15 U.S.C.A. § 79k (g) (2); this report was submitted to the company's stockholders, and at a stockholders' meeting on June 23, 1937, the plan was approved by the requisite number of stockholders, the petitioners voting adversely the stock represented by them. Thereafter a further hearing was had in the second proceeding, and on July 31, 1937 the commission made an order purporting to exempt the securities to be issued under the plan from all provisions of the Act and to dispense with any further order of approval by the commission, whether or not the company's original exemption application of November 30, 1935 should be granted. From this order a stockholder appealed to the Circuit Court of Appeals for the First Circuit. That court reversed the commission's order on the theory that until a corporation was registered under the Act the commission lacked jurisdiction to pass on any plan of recapitalization; it remanded the cause to the commission for further proceedings not inconsistent with its opinion. Lawless v. Securities & Exchange Com., 105 F.2d 574. A few days later, on April 26, 1939 the commission granted the company exemption upon its application of November 30, 1935, as amended. Thereafter a further hearing was had before the commission in the second proceeding, the company asking for its dismissal in obedience to the mandate, the petitioners for its retention and the entry of an order permitting the plan to become effective upon conditions more favorable to the 7% preferred stockholders, or, in the alternative, for determination of the "restitution" to which the petitioners and others might be entitled. On November 28, 1939 the commission made an order dismissing the second proceeding. This is the order which the petitioners desire this court to set aside.

The commission's motion to dismiss the petition is rested on the ground (1) that dismissal of the application of March 12, 1937 was directed by the mandate of the Circuit Court of Appeals for the First Circuit and any construction of the mandate to permit retention of the cause was a matter within the exclusive jurisdiction of that court; and (2) that the entire controversy as to recapitalization of the company became moot when the commission granted the company exemption from the Act with the result that it could lawfully issue the securities contemplated by its plan of recapitalization without the necessity of obtaining the commission's approval. We believe that both points are well taken.

The petitioners' contention that the order of dismissal was erroneous pro-

ceeds upon the assumption that the mandate of the First Circuit did not require dismissal. This raises a question as to the meaning of the mandate which obviously should be determined by the court that issued it. The appeal taken by Lawless from the order of July 31, 1937 gave the first circuit "exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part." Sec. 24 (a), 15 U.S.C.A. § 79x (a). We cannot doubt that it has exclusive jurisdiction to determine the character of the order to be entered upon its mandate. Cf. Hicks v. National Labor Relations Board, 4 Cir., 100 F.2d 804, 805; Standard Oil Co. v. National Labor Relations Board, 8 Cir., 114 F.2d 743, 744. If the tribunal to which a cause is remanded misconstrues or fails to follow the mandate of the appellate court, the mandate may be enforced by a new appeal or by mandamus to enforce a ministerial duty. In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414; Pottsville Broadcasting Co. v. F. C. C., 70 App. D.C. 157, 105 F.2d 36, 39; Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387, 388. We cannot believe that an appellate court of another jurisdiction can determine whether a mandate of the appellate court first acquiring jurisdiction was properly followed. The Supreme Court in referring to its mandate stated in Re Sanford Fork & Tool Co., supra, at page 256 of 160 U.S., at page 293 of 16 S. Ct., 40 L.Ed. 414,: "The opinion delivered by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate, and either upon an application for a writ of mandamus or upon a new appeal it is for this court to construe its own mandate, and to act accordingly."

█ Moreover, even if this court were thought to have jurisdiction to consider whether the order of November 28, 1939 conformed to the mandate of the First Circuit, we think that the commission's order of April 26, 1939 granting to the company exemption from registration under the Act, rendered moot any controversy in the second proceeding as to necessity of the commission's approval of securities issued pursuant to the plan of recapitalization. Since the company is exempt, the commission can have no concern with the terms upon which the company's securities are issued.

The petitioners argue that they have a right to "restitution" to the position they would have been in if the commission had not entered the order reversed by the First Circuit. Apparently by analogy they attempt to apply to the commission the principle that when parties have been ordered by a court to pay over money or property or do some act and the order has later been reversed, such court has power to require the recipient to turn back any benefit he has received under the order. See B. & O. R. Co. v. United States, 279 U.S. 781, 785, 49 S.Ct. 492, 73 L.Ed. 954; Northwestern Fuel Co. v. Brock, 139 U.S. 216, 219, 11 S.Ct. 523, 35 L.Ed. 151. We find nothing in any section of the Act which confers similar power upon the commission. Nor is the application of the analogy at all clear. The commission's order did not direct the company to do anything. It purported to give an assurance that the new securities to be issued by the company would be valid, and some of the shareholders who exchanged their old securities for the new may have acted in reliance on such assurance; but their action in making the exchange was voluntary, not compelled by the commission's order. If preferred shareholders who have exchanged their certificates for new securities wish to try to rescind or to hold the company liable for damages on the theory that it did an unlawful act because the commission's order of July 31, 1937 has been vacated, they must seek their remedy in a court of law. None of the authorities relied upon supports the petitioners' claim that the commission has power to grant such relief. But if such power be assumed, the question necessarily arises whether it may be exercised consistently with the mandate of the Circuit Court of Appeals of the First Circuit. Such a question brings us back to the point first discussed, namely, that the meaning of its mandate must be determined by that court. We are without jurisdiction.

Although the Act is silent on the subject of intervention when an order of the commission comes before a court for review, it would seem that the company must have a right to intervene in such a case as this. It was the petitioner in the proceeding concluded by the order appealed from; it has an interest in the event, which the petitioners ought not be allowed to deprive it of unheard. But the question need not be decided, since the petition is to be dismissed on the commission's motion.

For the foregoing reasons it is ordered that the petition be dismissed and the company's motion to intervene be denied.