THOMPSON et al. v. BALTIMORE & O.
R. CO. et al.

No. 2456.

District Court, E. D. Missouri, E. D.

June 12, 1947.

Thos. T. Railey, Toll R. Ware, M. G. Roberts, S. G. Ray, John E. McCullough, John W. Murphy and Clyde W. Fiddes, all of St. Louis, Mo., for plaintiffs.

Douglas F. Smith, Kenneth F. Burgess and Edwin H. Burgess, all of Chicago, Ill., Wilton D. Chapman and E. C. Hartman, both of St. Louis, Mo., Thomas P. Healey, of New York City, and Guernsey Orcutt, of Philadelphia, Pa., for defendants.

HULEN, District Judge.

This case is now before the Court on motion of plaintiffs (1) to modify the decree of this Court by eliminating "the declaratory and injunctive relief granted the defendants"; (2) for "restitution to the respective plaintiffs of the amounts * * * collected by the defendants from the plaintiffs under the compulsion of" the declaratory and injunctive relief heretofore granted defendants; and (3) appointment of a Special Master to determine the amount due plaintiffs from defendants on restitution.

Plaintiffs' motion is based on the judgment of the Court of Appeals in this case (8 Cir., 155 F.2d 767, 773) affirming the decree of this Court but modifying the decree "by eliminating therefrom the declaratory and injunctive relief granted the defendants, * * *".

It is plaintiffs' position that under compulsion of that portion of this Court's decree vacated by the Court of Appeals "the plaintiffs have paid, and are [1]continuing to pay to the defendants, large sums of money representing the difference between interline adjustments" on land grant revenue on the pro-rate basis "for which plaintiffs were contending and the amounts

[1] The law under which land grant revenues were collected was repealed while this case was pending in the Court of Appeals.

calculated on the territorial basis" which was the basis of the injunction and declaratory judgment of this Court's decree. In their "answer to motion by plaintiffs" defendants make the issue by pleading they "own, and in equity and good conscience are entitled to retain, the funds sought by plaintiffs"; that a civil action is now pending wherein defendants in this action are plaintiffs and plaintiffs in this action are defendants, the purpose of which action is to judicially determine the controversy on ownership and equitable right to the funds in question under this motion, together with other funds of like status collected prior to the decree in this action. Defendants' "answer" further pleads that plaintiffs have not remitted or paid to defendants either under "compulsion of this Court's decree" or otherwise, any monies claimed by them in this proceeding, that all land grant revenues "were collected by defendants directly from the shippers or consignees of freight and retained by the defendants" and that therefore—"plaintiffs seek to obtain monies which they did not pay or remit, which they have never possessed, and which they do not now own or have any right to possess".

Plaintiffs support their motion by three affidavits—one by the Chief Accounting Officer or Comptroller of each of the plaintiff railroads. Substantially alike, the affidavits recite: that since the decree of this Court plaintiffs "settled with and remitted to each of the defendants, in payment for said defendant's services in the transportation of such [land grant] traffic" on the basis required by the injunction and declaratory decree of this Court; that the settlements by defendants in such manner were "solely under compulsion of said decree and injunction"; that settlements on said basis "exceeded the sums that otherwise would have been paid on the pro-rate basis". Defendants to support their answer filed the affidavit of John J. Fitzpatrick on behalf of all the defendants. It states that subsequent to the decree of this Court and the judgment of the Court of Appeals in this case settlements with the plaintiff railroads were made on the territorial basis and that the movement of traffic during the period preponderated east-bound traffic, resulting in the balance of interline freight settlements being in favor of the plaintiff roads, and that the defendants have remitted to the plaintiff roads on such traffic on the "territorial basis of settlement on all land grant traffic interchanged" by plaintiff and defendant roads.

During oral argument plaintiffs' counsel explained the manner of settlement between plaintiff and defendant roads was that no money had been paid by plaintiffs to the defendants during the period covered by the motion but defendants had forced settlement on the territorial basis, claimed by defendants to be the proper basis, instead of the pro-rate basis claimed by the plaintiffs to be the proper basis.

Plaintiffs' pleading does not allege any equitable rights in the land grant traffic revenue restitution of which is sought by their motion. Defendants do. The equitable issue presented not being subject to determination in this action under the decision of the Court of Appeals, the issue now before the Court calls for determination, whether the plaintiffs are entitled in this action to restitution as a matter of right, regardless of the equitable right of either party to the funds.

■ I. Plaintiffs have not briefed and did not argue that part of their motion requesting modification of this Court's decree in conformity with the mandate of the Court of Appeals by eliminating the declaratory and injunctive relief granted by this Court. This contention of plaintiffs can be disposed of in the light of the ruling of the Court of Appeals in Obear-Nester Glass Company. Hartford-Empire Company, 8 Cir., 1932; 61 F.2d 31, to the effect that the decree of this Court as modified and affirmed by the Court of Appeals becomes the decree of this Court and this Court is without further jurisdiction in the premises to modify.

II. Preliminary to the main question we take notice of defendants' argument on what caused settlements of land grant revenues to be made on the territorial basis after the decree of this Court and the existence of land grant revenues sought by defendants' motion as funds "paid" to defendants by plaintiffs.

Whether the manner of settlement of land grant revenues, subsequent to decree of this Court, by parties to this case would have been different, from the course followed, had the Court's decree contained neither a declaratory judgment nor injunctive relief, and stopped with a holding Division Sheet 200-A did not constitute a contract for division of land grant revenue, presents a hypothetical question. Division Sheet 200-A was the basis for plaintiffs' position for settlement on the pro-rate basis. This Court found against plaintiffs' position. The Court of Appeals sustained that finding. Would defendants have continued to accept plaintiffs' theory of settlement when the basis of that theory had been destroyed by final judgment of a court of law? We doubt it—to say the least. The Court's opinion is not weakened by its observation of the spirited contest the parties waged in this Court, and apparently are continuing, with no apparent lessening of zeal, over the territorial theory of division as against a pro-rate theory of division of land grant revenues.

Defendants declare they have received no money from plaintiffs under the decree of this Court or otherwise. The cases on restitution deal with what one has lost by the enforcement of a judgment subsequently reversed. The purpose of restitution is to correct what has been wrongfully done.

The force of that part of this Court's decree which was affirmed by the Court of Appeals, together with the method of collection and settlement of land grant revenues, raise serious questions on plaintiffs' present motion.

■ III. The conclusion we have reached on disposing of the pending motion involves neither of these propositions. We prefer to put it on, what at least appears to the Court to be, a basis that will lead to the ultimate solution of the entire controversy between the parties to this cause to all land grant revenues collected by either party, rather than to split the controversy into two actions. Were plaintiffs granted restitutional relief on the pending motion, on plaintiffs' theory of the law, and in the equitable action it was determined that in equity defendants in this case were entitled

to such funds, plaintiffs would have to refund to the defendants. The creation of such a possible situation is not orderly procedure. We take this course because we believe the higher court decisions direct it.

Plaintiffs have cited cases where restitution has been ordered on reversal of the judgment of the lower court. For example we take the case of Baltimore & Ohio R. Co. v. United States, 279 U.S. 781, 49 S.Ct. 492, 493, 73 L.Ed. 954. The opinion of the Supreme Court in that case makes no mention of the "western roads" raising an equitable claim to the monies ordered restored to the "eastern roads". Many similar cases are cited where equitable claims to the fund did not exist or were not urged. In passing we note the holding of the B. & O. case that "application for restitution was in effect an equity proceeding * * ". Conversely, there are many cases where restitution has been denied. Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 55 S.Ct. 713, 716, 79 L.Ed 1451, clearly states the legal principles governing such a proceeding. They are: "* * * that what has been lost to a litigant under the compulsion of a judgment shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error. * * * But the rule, even though general in its application, is not without exceptions."

And again following the opinion in Baltimore & Ohio R. Co. v. United States, supra, the Court declares: "A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function"

The Court then holds that *"The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it".* (Emphasis added.) Plaintiffs neither by pleading or argument make a pretense of equitable right to the funds. Their position must be, that they should receive the funds as a matter of right. But the Supreme Court, in Atlantic Coast Line R. Co. v. Florida, supra, categorically denies this position to be the law. We quote: "Restitution is not of mere right. It is ex gratia,

resting in the exercise of a sound discretion; and the court will not order it where the justice of the case does not call for it, * * *".

Under the record on motion before the Court plaintiffs demand restitution as a matter of right. Defendants deny plaintiffs are entitled to the funds in equity and good conscience. In support of their good faith, they point to a suit they have instituted, now pending before this Court, wherein defendants ask a determination of the equitable rights of all parties to the funds in suit. Under this state of the record, to now order defendants to pay a portion of the funds in controversy to plaintiffs would do violence to the law governing the proceeding. The Court said in the Atlantic Coast Line R. Co. case: "In such cases the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received."

■ Learned counsel for plaintiffs and defendants have filed excellent briefs, citing and discussing many cases on this subject. We do not believe any useful purpose would be served by further discussion of the cases. The decision of the Court of Appeals, in this case, is the law of this case in so far as applicable to the issues raised by plaintiffs' motion. With reference to division of land grant revenues in the possession of either of the parties to this case the Court of Appeals held: "Division of revenues so earned in the past can be settled only by agreement or by a proper suit in equity."

The parties agree that all revenues now in controversy between them were "earned in the past". But plaintiffs urge that the status of land grant revenues held by them respectively is such that in the equity suit the Court will deny division and leave the parties where it finds them. The opinion of the Court of Appeals in this case declares that division of revenues between the parties "can be settled * * * by a proper suit in equity". We are not here going to prejudge the suit filed by the defendants, pursuant to and following the opinion of the Court of Appeals in this case, and hold the equities of the parties in land grant revenues "cannot be settled" in that action. We do not, on the other hand, construe the opinion of the Court of Appeals as prejudging any suit in equity which might be filed by either of the parties. The place to adjudge the question is in the equity suit. Plaintiffs further argue, the land grant revenues involved in this motion are land grant revenues collected by defendants subsequent to the decree of this Court and are not in issue in the equity case filed by defendants. That may now be technically true. If so it is because plaintiffs in this case do not choose to make such land grant revenues an issue in the equity case. Plaintiffs in the equity case did not sue for the land grant revenues collected by them subsequent to the decree in this case because they already had them. Plaintiffs in this case admittedly have a counterclaim pending in the equity action. It is for them to determine if the issue shall be broadened. It might be well for them to consult the Federal Rules of Civil Procedure on compulsory counterclaims. Rule 13 (a), 28 U.S.C.A. following section 723c.

The record in the equitable action has not been started. Where and how it will terminate is not now a matter for consideration by this Court. Plaintiffs assert, in effect, that in the equitable action the Court will leave the parties where it finds them on disposition of land grant revenues and that on termination of the equity case defendants will have rights enforceable only in this action. We do not presume to intimate what the judgment of the Court may be in the equity case. That the parties may be secure in any rights that might accrue to them by virtue of disposition of the equity case we make the following order on the motion now before the Court.

### Order

■ Motion of plaintiffs to modify the decree of this Court of February 2, 1945, is overruled and that part of plaintiffs' motion seeking restitution is overruled without prejudice; this Court reserves jurisdiction of this cause to pass on any motions the parties may choose to initiate in this cause on final decree in case No. 4999, now pending in this Court.