Anne CALDWELL; Sally McRae,
Plaintiffs-Appellants,

and

Sybil Brown; Cheryl
Crawford, Plaintiffs,

v.

PUGET SOUND ELECTRICAL APPRENTICESHIP AND TRAINING TRUST; Puget Sound Chapter National Electrical Contractors Association; Local 46, International Brotherhood of Electrical Workers, Defendants-Appellees.

No. 86–3620.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1987.

Decided Aug. 11, 1987.

Abraham A. Arditi, Seattle, Wash., for plaintiffs-appellants.

Richard H. Robblee, Seattle, Wash., for defendants-appellees.

Before FARRIS, ALARCON and WIGGINS, Circuit Judges.

FARRIS, Circuit Judge:

Plaintiffs Anne Caldwell and Sally McRae appeal from the district court's order requiring them to repay defendants for money they received under a judgment in this Title VII case that was reversed on appeal. We affirm.

## BACKGROUND

This case began as a challenge by the plaintiffs to the admission practices of an apprenticeship program operated by the defendants. Their suit alleged that a veterans' age credit violated Title VII because it had a disparate impact on women. The district court entered judgment for the plaintiffs and awarded back pay, attorney's fees, and "front pay" (the difference between plaintiffs' apprentice wages and wages paid to journeymen). The parties stipulated to a supersedeas arrangement to stay the award of back pay and attorney's fees pending appeal. The court denied defendants' motion to stay the injunction requiring front pay. Caldwell and McRae were not required to post a bond as a condition of receiving the front pay pending appeal.

On appeal, the Ninth Circuit reversed. *Brown v. Puget Sound Electrical Apprenticeship and Training Trust*, 732 F.2d 726 (9th Cir.1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). The mandate did not authorize or order refunding the front pay, nor did the court remand the case for further proceedings. The disposition read *Reversed* and nothing more. The district court complied with the order of the appellate court and entered judgment for the defendants. Thereafter the defendants moved for restitution. The district court granted the motion, requiring McRae to pay back $7,150.74 and Caldwell to pay back $4,194.16. They were not required to pay back FICA contributions or pay prejudgment interest. The plaintiffs appealed.

## DISCUSSION

1. *Jurisdiction in the District Court*

Plaintiffs argue that the district court lacked jurisdiction to consider defendants' motion for restitution because no injunction bond had been required in the earlier proceedings. *See Buddy Systems, Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1167-68

(9th Cir.1976), *cert. denied*, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977). Plaintiffs quote the "well-settled rule" described in *Buddy Systems* "that there can be no recovery for damages sustained by wrongful issuance of a preliminary injunction in the absence of a bond...." *Id.* at 1167 (citations omitted). In so doing they ignore our qualification of the rule: *"unless* the defendant sues for malicious prosecution or *on a theory of unjust enrichment." Id.* at 1168 (emphasis added).

Defendants' equitable action for restitution is, of course, based on a theory of unjust enrichment. "The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established. And, while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done." *Baltimore & Ohio R.R. v. United States*, 279 U.S. 781, 786, 49 S.Ct. 492, 493, 73 L.Ed. 954 (1929) (citations omitted). The subject of the controversy and the parties were properly before the district court, because the mandate of the court of appeals, once issued, returns to the district court. *See In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981) (Once a notice of appeal is filed, "[t]he district court is divested of authority to proceed further, ... until the mandate has been issued by the court of appeals."); Fed.R.App.P. 41; *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir.1978); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3987 at 474. Well established principles of restitution permit a court, after being reversed, to order restitution. *Sanger Lumber Co. v. Western Lumber Exchange*, 11 F.2d 489, 492 (9th Cir.1926); *accord Restatement on Restitution* § 74 at 303 (1937) ("the tribunal which is reversed can on motion or on its own initiative direct that restitution be made"). Contrary to plaintiffs' assertion, defendants need not look to Title VII or to diversity principles for jurisdiction in the district court.

### 2. Restitution and the Mandate of the Court of Appeals

Having held that the district court had jurisdiction to consider defendants' motion for restitution, we must determine whether granting that motion properly lay within the mandate issued by this court in *Brown v. Puget Sound Electrical Apprenticeship and Training Trust*, 732 F.2d 726.

*Brown v. Puget Sound* held that the age credit for veterans applying to defendants' training program did not violate Title VII. The opinion concluded that "[t]he judgment for Appellees, including back pay, costs, and attorney's fees, is REVERSED." *Brown v. Puget Sound*, 732 Fd.2d at 732. Plaintiffs contend that the opinion's silence about front pay means that restitution of the front pay goes beyond our mandate. This contention misunderstands the equitable nature of restitution. Upon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on "matters left open by the mandate." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). Restitution, therefore, need only be consistent with the mandate, not specifically mentioned in the opinion. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *see also Anderson v. Knox*, 300 F.2d 296, 298 (9th Cir.1962).

Requiring plaintiffs to refund the front pay was entirely consistent with our mandate. Unlike cases where a district court adds interest to a damage award, *see Briggs v. Pennsylvania R.R.*, 334 U.S. 304, 306–07, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *Newhouse v. Roberts ILIMA Tours, Inc.*, 708 F.2d 436, 441–42 (9th Cir.1983), the order to refund front pay does not supplement a specific form of relief mandated by the court of appeals. Refunding the front pay simply puts the parties back where they were before the district court made its initial legal error. We find no error in the equitable ruling of the district court.

### 3. *Sanctions for a Frivolous Appeal*

The defendants contend that plaintiffs' appeal is frivolous and ask for attorney's fees and double costs. Fed.R.App.P. 38. We deny the request. The principles of jurisdiction and restitution at issue have not been resolved clearly in a case, such as this, where the court of appeals reversed without a remand. The key cases cited by both parties are sufficiently dated to justify good faith arguments for changing the law.

AFFIRMED.