**Edith LIBUTTI, d/b/a Lion Crest Stable, a sole proprietorship, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 94–cv–1114.

United States District Court, N.D. New York.

Nov. 26, 1997.

Hinman, Howard & Kattell, Binghamton, NY (Paul T. Sheppard, of counsel), for plaintiff.

Barrett & Gravante LLP, Albany, NY (George F. Carpinello, Scott W. Dales, of counsel), for Margaux Stallions, by special appearance.

Vimont & Wills PLLC, Lexington, KY (Richard E. Vimont, Bernard F. Lovely, of counsel), for Margaux Stallions, by special appearance.

U.S. Department of Justice, George P. Eliopoulos, Trial Attorney, Tax Division, Washington, DC, for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

#### A. Introduction

Presently before the Court are motions by both the plaintiff Edith Libutti and the defendant United States of America. First, plaintiff moves, pursuant to Rule 59(a)(2) of the Federal Rules of Civil Procedure, for a new trial and amendment of judgment. Specifically, plaintiff requests that the Court vacate the judgment of this Court dated July 31, 1997, admit additional testimony from Robert Libutti, amend the Court's findings of

fact and conclusions of law and enter a new judgment.

Second, the government moves for limited discovery on the issue of whether this Court has personal jurisdiction over the Devil His Due Syndicate, Margaux Stallions, Inc. and other members of the Syndicate. Additionally, the government seeks to alter or amend portions of the Court's Memorandum–Decision & Order of August 4, 1997, for clarification of aspects of that Order, and for an injunction pending determination of this motion and any appeal that may be taken.

For the reasons that follow, plaintiff's motion for a new trial and amendment of judgment is DENIED. Additionally, the government's motion for limited discovery on the issue of whether the Court has personal jurisdiction over Devil His Due Syndicate members is DENIED. Lastly, the government's motion to alter or amend the Court's Memorandum–Decision & Order of August 4, 1997 is DENIED, and the government's motion for an injunction pending appeal is DENIED.

### B. Facts

The ownership of the racehorse Devil His Due has long been disputed by the plaintiff and the government. In *LiButti v. United States*, 894 F.Supp. 589 (N.D.N.Y.1995), this Court held that the Internal Revenue Service (IRS) wrongfully levied upon Devil His Due because the government did not prove that the plaintiff owned Devil His Due as a nominee for her father, Robert Libutti ("Robert"). In reaching this decision, the Court refused to infer from Robert's (a non-party witness) assertion of the privilege against self-incrimination that he owned Devil His Due rather than the plaintiff.

The government appealed the Court's decision. While the appeal was pending, plaintiff entered into a Syndicate Agreement with Margaux Stallions, Inc. ("Margaux"),[1] a Kentucky corporation that manages thoroughbred stallions. Pursuant to the Syndicate Agreement, plaintiff converted her ownership interest of Devil His Due into fifty fractional

interests or shares. Plaintiff then sold twenty-five shares to Margaux for $1,224,000. Margaux, in turn, sold twelve of its twenty-five shares to various third parties.

Thereafter, the Second Circuit decided the appeal, holding that adverse inferences may be drawn from a non-party's refusal to answer questions. *LiButti v. United States*, 107 F.3d 110, 124 (2d Cir.1997). Accordingly, the Second Circuit remanded the case for this Court to determine whether adverse inferences should be drawn from Robert's refusal to testify. *Id.*

On remand, this Court inferred that Robert was the *de facto* owner of Devil His Due, and that the plaintiff held ownership in the stable and horse as Robert's nominee. *LiButti v. United States*, 968 F.Supp. 71, 77 (N.D.N.Y.1997). Accordingly, this Court lifted the injunction barring the government from enforcing the IRS levy against Devil His Due.

Subsequently, the government sought to regain the benefits of owning Devil His Due by Order to Show Cause requesting, *inter alia*, to escrow all proceeds of any further transfer or earnings received or realized by plaintiff or any person or entity having an interest in Devil His Due, including any of plaintiff's successors in interest after August 3, 1995. The government also sought an accounting by plaintiff and her successors in interest of all proceeds relating to Devil His Due since August 3, 1995. In a Memorandum–Decision & Order filed August 4, 1997, this Court held that the government's recovery by restitution from the plaintiff would be limited to the plaintiff's interest in Devil His Due after July 2, 1997, plus any sums derived from that interest after July 2, 1997. *LiButti v. United States*, 1997 WL 570493, at *3–5 (N.D.N.Y. Aug.4, 1997).

### II. DISCUSSION

#### A. Plaintiff's Motion for a New Trial or Amendment of Judgment

Rule 59(a)(2) provides that, on motion for a new trial in a nonjury case, a

---

1. Margaux Stallions, Inc. is now Margaux Stallions LLC, a Kentucky limited liability corpora- tion.

district court may on sound discretion "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a)(2). To succeed on its motion, the movant must show that (1) the court has made a manifest error of law, (2) the court has made a manifest error of fact, or (3) there exists newly discovered evidence. *See, e.g., Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996); *Baasch v. Reyer,* 827 F.Supp. 940, 942 (E.D.N.Y.1993); 11 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2804, at 53 (2d ed.1995). However, a movant should not use Rule 59 merely to relitigate previously-decided matters. *See, e.g. Farr Man Coffee, Inc. v. Chester*, 1993 WL 328854, at *1 (S.D.N.Y. Aug. 26, 1993), *aff'd,* 19 F.3d 9 (2d Cir.1994).

In the present case, plaintiff argues that the Court erred in drawing an adverse inference against plaintiff for Robert's refusal to testify. Plaintiff also argues that the Court should conduct an evidentiary hearing relating to the relationship between the plaintiff and Robert. Moreover, according to plaintiffs, because Robert has now agreed to testify, plaintiff should be allowed to offer Robert's previously unavailable testimony.

None of these contentions has merit. First, plaintiff's Memorandum of Law spends much time arguing that the Court should not have drawn an adverse inference from Robert's refusal to testify. Rule 59, however, should not be used to relitigate previously-decided matters. *See, e.g., Farr Man Coffee, Inc.,* 1993 WL 328854, at *1. Here, the Court previously decided that it was appropriate to draw an adverse inference against the plaintiff for Robert's refusal to testify. The issue will not now be revisited merely because plaintiff disagrees with the result. Rather, plaintiff must show that the Court made a manifest error of law or fact in making its decision. *See, e.g., Ball,* 71 F.3d at 76. Assuming plaintiff makes such argument, plaintiff has entirely failed to show that the decision of the Court with respect to this issue

constituted manifest error of either law or fact.

▮ Second, the Court will not order a new trial to permit plaintiff to present evidence relating to the relationship with her father for purposes of the adverse inference issue. As the government points out, plaintiff was aware of the adverse inference issue before trial, and could have presented evidence relating to plaintiff's relationship with Robert at trial. Justice does not require that the plaintiff now be awarded a second bite at the proverbial apple.

▮ Third, the Court will not take additional testimony from Robert who previously refused to testify. Importantly, plaintiff has failed to present any evidence that the testimony of Robert would change the result in this case. No affidavits or other evidence have been provided relating to the specific matters that Robert's testimony would cover. As such, the Court will not order a new trial based upon the speculative value of the testimony of Robert.

Accordingly, plaintiff's rule 59 motion is DENIED.

### B. Government's Motion to Alter or Amend the August 4, 1997 Order of the Court

▮ It is firmly established that a motion to alter or amend will not be granted unless one of the following grounds for relief are met: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or fact; or (4) to prevent manifest injustice. *See, e.g., Atlantic States Legal Foundation v. Karg Bros.,* 841 F.Supp. 51, 53 (N.D.N.Y.1993). The first two grounds are inapplicable to the matter at hand. No intervening changes in the law have occurred and new evidence has not come to light that previously was unavailable. That leaves us with only grounds three and four—the government must demonstrate a clear error of law or fact, or manifest injustice in the Court's August 4, 1997 Order.

▮ In the present case, the government argues that the Court should alter or amend its August 4, 1997 Order to vacate the ruling

that the government may not recover proceeds of Devil His Due between the August 3, 1995 Order and the July 2, 1997 Order. Specifically, the government contends that the Court made a clear error of law in holding that restitution is not proper prior to July 2, 1997.

To review, the Court's July 2, 1997 Order held that the plaintiff is the nominee of Robert, and that Robert is the owner of Devil His Due. *Libutti*, 968 F.Supp. at 77. Accordingly, the July 2, 1997 Order lifted a permanent injunction that the Court had previously issued pursuant to 26 U.S.C. § 7426, prohibiting the enforcement of a levy placed by the IRS on Devil His Due. *Libutti v. United States*, 894 F.Supp. 589, 591 (N.D.N.Y.1995).

Following the July 2, 1997 Order, the government moved, by Order to Show Cause, to escrow all proceeds of any further transfer or earnings received or realized by plaintiff. In ruling on that motion, the Court held that the government's recovery by restitution from the plaintiff would be limited to the plaintiff's interest in Devil His Due after July 2, 1997, plus any sums derived from that interest after July 2, 1997. *LiButti*, 1997 WL 570493 at *3–5. In balancing the equities, the Court reasoned that it would be unjust to require the plaintiff to disgorge any proceeds received prior to July 2, 1997, as such proceeds were acquired in a valid business transaction pursuant to the Court's August 3, 1995 Order dissolving the IRS levy against Devil His Due. *Id.* The Court also noted that the government need have sought only a stay of that Order pending appeal under Fed.R.Civ.P. 62(c) to protect itself from the possibility of plaintiff alienating any sums or interests derived from Devil his Due following the August 3, 1995 Order.

To support its position that the Court clearly erred in not awarding restitution prior to July 2, 1997, the government cites to cases recognizing "the general rule that a person who receives a benefit under a later reversed judgment must make restitution of money or property received under it." *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062–63 (Del.1988); *see also Baltimore & O.R. Co. v. United States*, 279 U.S. 781, 786, 49 S.Ct. 492, 493, 73 L.Ed. 954 (1929)

(stating that "the right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established"); *Stockton Theatres, Inc. v. Palermo*, 121 Cal. App.2d 616, 264 P.2d 74, 79 (1953) (same).

■ The Court, although mindful of that general rule, recognizes "that the power to make restitution lies within the inherent equitable jurisdiction of the Court." *Moore and Son, Inc. v. Drewry and Assocs.*, 945 F.Supp. 117, 121 (E.D.Va.1996). As such, the Court has discretion to craft an equitable remedy that is appropriate to each situation. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994) (citing *Meredith v. Winter Haven*, 320 U.S. 228, 235, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943)) (stating that "an appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity"); *Alden Auto Parts Warehouse, Inc. v. Dolphin Equip. Leasing Corp.*, 682 F.2d 330, 333 (2d Cir.1982).

In this case, the Court, after weighing the equities, ordered plaintiff to provide restitution and an accounting of all transactions involving Devil His Due after July 2, 1997. The Court determined, however, that the government could not recover under its restitution claim those sums the plaintiff had derived from Devil His Due before July 2, 1997. In setting the amount of restitution, the Court considered, among other things, the fact that the ownership of Devil His Due had long been disputed, *compare Fleer*, 539 A.2d at 1062 (involving property rights that were clearly established), that the government failed to avail itself to protective legal procedures in light of that ownership dispute, and that the government waited to nearly the end of its 60–day appeal period before filing a notice of appeal. Under these circumstances, the Court concluded that equity did not require that restitution be applied prior to July 2, 1997.

The government responds that a stay of execution is not a prerequisite to restitution. *Moore & Son, Inc.*, 945 F.Supp. at 121. Although that may be true, it does not follow that the government's failure to seek a stay cannot be a factor in weighing the equities.

This would seem particularly true where, as here, the parties vigorously were litigating the ownership of property.

In short, because the Court did not make a clear error of law in setting the amount of restitution, the government's motion to alter or amend is DENIED in its entirety.[2]

### C. Government's Motion for An Injunction

Lastly, the government moves, pursuant to 26 U.S.C. § 7402 and 28 U.S.C. § 1651, for an injunction against plaintiff and all of plaintiff's successors in interest with actual notice of these proceeding, including the Syndicate, Margaux and other interest-holders in Devil His Due, to refrain from further dissipating the proceeds of Devil His Due should any appeal be taken.

■■■ A party seeking a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) "a likelihood of success on the merits," or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly" in the movant's favor. *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996) (citing *Waldman Publishing Corp. v. Landoll, Inc.,* 43 F.3d 775, 779–80 (2d Cir.1994)) (quotation marks omitted); *Coca–Cola Co. v. Tropicana Prods., Inc.,* 690 F.2d 312, 314–15 (2d Cir. 1982). However, at "an even more fundamental level," a preliminary injunction cannot be issued against a party unless the court has personal jurisdiction over that party. *Weitzman v. Stein,* 897 F.2d 653, 658 (2d Cir.1990); *Davidson v. Coughlin,* 1995 WL 760646, *1 (N.D.N.Y. Nov.27, 1995); 11A Charles A. Wright & Arthur R. Miller, FED-ERAL PRACTICE & PROCEDURE § 2956, at 33–35 (2d ed.1995).

In the instant case, the Court has determined that it has no *in personam* jurisdiction over Margaux or any other party to the Syndicate Agreement, other than the plaintiff. *LiButti,* 1997 WL 570493, at *1–3. Thus, the Court has no power to grant an injunction against Margaux or any other Syndicate member. *See, Weitzman,* 897 F.2d at 658. Similarly, the government has not shown that the Court has personal jurisdiction over any other persons who may be plaintiff's successors in interest. *Id.* Therefore, the Court will not issue an injunction against any such unidentified persons.

■■■ With respect to the government's request to enjoin plaintiff from dissipating the proceeds she received from Devil His Due prior to July 2, 1997, that request also must be denied. The government rests its irreparable harm showing on the belief that further transfers of the proceeds may render plaintiff insolvent. Although "as a general rule ... a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by an award of money damages," *In re Feit & Drexler, Inc.,* 760 F.2d 406, 416 (2d Cir.1985) ("*Feit* "), "preliminary injunctions are proper to prevent a defendant from making a judgment uncollectible." *Republic of Philippines v. Marcos,* 806 F.2d 344, 356 (2d Cir.1986), *cert. dismissed,* 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784, *and cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). In these cases, however, courts have found the movant to possess a bona fide concern that the party is likely to become insolvent. *See, e.g., Seide v. Crest Color, Inc.,* 835 F.Supp.

---

**2.** The government also moves to alter or amend the Court's August 4, 1997 Order to allow the government to conduct discovery on the issue of whether the Court has personal jurisdiction over the Devil His Due Syndicate and its members. In the August 4, 1997 Order, the Court found that minimum contacts did not exist to justify exercising personal jurisdiction over the Syndicate and its members. *LiButti,* 1997 WL 570493, at *1–3. The Court discerns no reason why it should permit the government to now relitigate that issue. If the government needed discovery to establish personal jurisdiction over the Syndi-cate and its members, it should have moved for this well in advance of the Court's decision. Thus, the government's request to alter or amend for purposes of conducting limited discovery on the issue of personal jurisdiction is meritless.

With respect to the government's request for clarification relating to whether the Court's ruling precludes the government from commencing a lien foreclosure suit, the Court needs only comment that the Court's decision does not prevent the government from pursing whatever other legal claims it believes it has.

732, 735–36 (S.D.N.Y.1993). Here, the government has offered no evidence to indicate that the plaintiff intends to hide her assets or otherwise become judgment proof.[3] *See, e.g., Feit,* 760 F.2d at 416.

Accordingly, the Court DENIES the government's request for injunctive relief.[4]

## III. CONCLUSION

For the reasons stated above, plaintiff's motion for a new trial and amendment of judgment is DENIED in its entirety. Additionally, the government's motion for limited discovery on the issue of whether the Court has personal jurisdiction over Devil His Due Syndicate members is DENIED. Lastly, the government's motion to alter or amend the Court's Memorandum–Decision & Order of August 4, 1997 is DENIED in its entirety, and the government's motion for an injunction pending appeal is DENIED.

**IT IS SO ORDERED.**

---

**3.** Moreover, the Court already has determined that restitution is not proper prior to July 2, 1997. Indeed, the Court reconsidered that issue in this Order, affirming its prior holding that restitution is not appropriate. As such, plaintiff has entirely failed to establish a likelihood of success on the merits. *Jolly,* 76 F.3d at 473.

**4.** To the extent that the government also seeks to enjoin the plaintiff from dissipating her interests in Devil His Due after July 2, 1997, that request also is denied. The Court already has ordered the plaintiff to provide restitution and an accounting of all transactions involving Devil His Due after July 2, 1997, including placing her shares in the horse in escrow.